UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| JAMES R. TORRANCE, | | |
| | Plaintiff, | Case No. C22-5295-BHS-MLP |
| v. | | |
| RICK SCOTT, *et al*., | | REPORT AND RECOMMENDATION |
| | Defendants. | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff James Torrance has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint (dkt. # 9), and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint (*id*.), and this action, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  DISCUSSION

On April 27, 2022, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff alleged therein that his Sixth Amendment right to

REPORT AND RECOMMENDATION
PAGE - 1

counsel and his Fourteenth Amendment right to due process were violated by conditions at the Grays Harbor County Jail ("the Jail") where he was confined pretrial. (*See* dkt. # 9 at 4-5.) Specifically, Plaintiff asserted that the lawyer-client visiting rooms at the Jail have cameras that are recording at all times, as well as telephones and microphones "that could potentially record sound," and that the Jail and the prosecuting attorneys "work in concert" and use these recording devices to their advantage. (*Id*. at 5.) Plaintiff further asserted that because of this intrusion into the lawyer-client visiting rooms, he believed it would not be possible for him to receive a fair trial, and therefore, he was forced to take a plea bargain. (*Id*.)

Plaintiff identified Grays Harbor County Sheriff Rick Scott, Grays Harbor County Undersheriff Bradley Johansson, and Grays Harbor County Jail Chief Travis Davis as Defendants in his complaint. (Dkt. # 9 at 1, 3.) Plaintiff requested relief in the form of dismissal of the charges pursuant to which he is currently confined and $1.8 million in damages. (*Id*. at 9.)

Because it appeared Plaintiff was attempting to use this civil rights action to challenge the validity of the conviction underlying his current confinement, and because such challenges are not permissible under § 1983, on June 15, 2022, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed. (Dkt. # 10.) The Court explained in its Order to Show Cause that the United States Supreme Court, in *Heck v. Humphrey,* 512 U.S. 477 (1994), held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2 (citing *Heck*, 512 U.S. at 489).) The Court noted that there was nothing in the record suggesting

REPORT AND RECOMMENDATION
PAGE - 2

1  that Plaintiff's conviction had been invalidated in any way and determined that Plaintiff's claims

2  were therefore not cognizable in this action. (*Id*.)

3        On July 7, 2022, Plaintiff filed a response to the Order to Show Cause.[1] (Dkt. # 11.)

4  Plaintiff asserts in his response to the Order to Show Cause that his lawyer advised him during

5  their first conversation at the Jail that he should watch what he said because it was known such

6  conversations were recorded and shared with the prosecuting attorneys. (*Id*. at 1.) He further

7  asserts, as he did in his complaint, that the use of cameras in the attorney-client meeting room

8  constitutes a violation of his civil rights, and that Chief Davis admitted in a lawsuit filed by

9  another inmate, Anthony Couch, that he had installed the cameras and had recorded legal

10 conversations and phone calls. (*See id*.) Finally, Plaintiff asserts that this action, and other similar

11 actions brought by Grays Harbor County Jail inmates, need to be joined with inmate Couch's

12 lawsuit, *Couch v. Scott, et al.*, C21-5804-RSM. (*Id*. at 2.)

13       Despite the assertions made by Plaintiff in his response to the Order to Show Cause, his

14 underlying claim remains that the use of recording devices in the attorney-client meeting rooms

15 forced him to enter a guilty plea because of his fear that he would be unable to get a fair trial, in

16 violation of his rights under the Sixth and Fourteenth Amendments. (Dkt. # 9 at 4-5.) Plaintiff

17 fails to demonstrate that such a claim is cognizable in this action given that a ruling in his favor

---

[1] The Court observes that Plaintiff did not sign his response. (*See* dkt. # 11.) Rule 11(a) of the Federal Rules of Civil Procedure requires that "every pleading, written motion, and other paper" submitted to the Court for filing be signed by the party presenting it and provides that any unsigned document must be stricken unless the omission of the signature is promptly corrected. Though this is a deficiency which could be easily corrected by Plaintiff, it would serve no purpose to return the response to Plaintiff for correction as the response does not demonstrate that Plaintiff's constitutional claims are cognizable in this action.

would undermine the validity of his current conviction and given that his conviction apparently still stands. *See Heck*, 512 U.S. at 489.

The Court notes as well that, to the extent Plaintiff contends that this action needs to be joined with that of Mr. Couch, there is currently pending in Mr. Couch's action a Report and Recommendation recommending that Mr. Couch's case be dismissed. *See Couch*, C21-5804-RSM, dkt. # 38. One of the recommended bases for dismissal of Mr. Couch's claims concerning the presence of audio and video recording devices in the attorney-client meetings rooms at the Jail is that such claims are barred by *Heck*. *See id*. at 5-6. It would thus serve no apparent purpose to join the instant action with Mr. Couch's action given that neither Plaintiff nor Mr. Couch has stated a cognizable claim for relief related to the alleged recording of attorney-client meetings at the Jail.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

REPORT AND RECOMMENDATION
PAGE - 4

will be ready for consideration by the District Judge on **August 19, 2022.**

DATED this 27th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5